**"O"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| LINDA F. EWING, ) | Case No. EDCV 05-0400-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**I.   Background**

Linda F. Ewing filed an application for Social Security Disability Insurance Benefits and Supplemental Security Income disability on December 26, 2002, alleging that she had become disabled and unable to work on March 31, 2002 due to lower back pain and radiculopathy. (Administrative Record ("AR") at 26, 51-53). Her application was denied initially and upon reconsideration. (AR at 28-31, 33-37). An administrative hearing was held on November 2, 2004, before Administrative Law Judge ("ALJ") Peter J. Baum. (AR at 234-55).

\\

Plaintiff, who was represented by counsel, testified that she was born on March 16, 1964, and was then forty years old. (AR at 26, 12). Plaintiff has a high school education plus about two years of college. (AR at 12, 238). Her work experience includes employment as a retail sales clerk and a children's day care worker. (AR at 26). At the time of the hearing, she was attending college, taking twelve units, including a physical education course. (AR 239).

Plaintiff testified that she was injured in a car accident on October 27, 2000, and suffered a back injury.[1] (AR at 242). She also claimed to suffer from pain in her left arm and leg. (AR at 248). Plaintiff started using a cane in 2003. She claimed to suffer from medicinal side effects when she takes Vicodin, Paxil, Ibuprofen, and occasionally Tylenol 3 with Codeine. (AR at 247-48, 251). However, she had only missed six days of school and that was caused by pain, not the medication. (AR 241). Plaintiff stated that she does not take the medication regularly because of the side effects. (AR 248). Although a vocational expert ("VE"), Joseph Mooney, attended the hearing, he did not testify.

On February 9, 2005, the ALJ issued a decision unfavorable to Plaintiff. (AR at 11-18). The ALJ found that during the relevant time period, Plaintiff suffered from the severe impairments of lumbar facet syndrome and depression. (AR at 15). He found that Plaintiff can perform unskilled sedentary work, but because of distractions from pain and medicinal side effects, was limited to work involving simple instructions. (AR at 15.)

---

[1] Plaintiff testified that she was disabled at the time of the accident, before March 31, 2002, but used the March date because that is when she went to her primary care physician. (AR at 242.)

Plaintiff's request for review was denied by the Appeals Council on April 8, 2005. (AR at 4-6.) Plaintiff now seeks judicial review of the ALJ's final decision denying her application for benefits. On January 18, 2006, the parties filed a Joint Stipulation of disputed issues. For the reasons stated below, the matter shall be remanded for further proceedings.

**II.   Plaintiff's Claims**

Plaintiff asserts the following claims: (1) the ALJ improperly rejected the statements of Plaintiff's son; (2) the ALJ failed to adequately consider the side effects of Plaintiff's medications; (3) the ALJ improperly rejected Plaintiff's credibility; and (4) the ALJ failed to pose hypothetical questions to the VE. (Joint Stipulation ("JS") at 3). Plaintiff seeks reversal of the Commissioner's decision and a remand for an award of benefits or a new hearing. (JS at 10). Defendant requests that the ALJ's decision be affirmed. (JS at 9). Because the Court finds that the ALJ erred in failing to obtain vocational expert testimony, the court will only address that issue.

**III.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401;

*Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Id.*   "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

**IV. Discussion**

**A.   The ALJ Erred in Relying on the Medical Vocational Guidelines in light of Plaintiff's Non-Exertional Limitations**

Plaintiff contends that the ALJ erred in utilizing the Medical-Vocational Guidelines[2] ("Guidelines") to reach a determination that there existed work in the economy that Plaintiff could perform.  According to Plaintiff, she suffers significant non-exertional limitations, specifically, pain, depression and the side effects of her medication. (JS at 8.)  She claims that "[t]he ALJ failed to take testimony from a vocational expert on the impact of her ability to perform alternative work in light of these significant nonexertional limitations." Plaintiff's argument is correct.

While the evidence was not particularly compelling, the ALJ specifically found that Plaintiff's depression and the side effects of her medication would limit her ability to perform a full range of sedentary work in that it would limit her to the work that involved only simple instructions.  Rather than question the VE who attended the

---

[2]   20 C.F.R., Part 404, Subpart P, Appendix 2.

hearing as to the availability of jobs for a person of Plaintiff's age, education, work experience and limitations, the ALJ employed the Guidelines "as a framework" for concluding that Plaintiff's limitations would not preclude her from performing a significant number of jobs at the sedentary exertional level. In doing so, he neglected to make any independent examination of the additional consequences resulting from the non-exertional impairments. Thus, the ALJ erroneously resorted to the Guidelines and relied upon them as more than just a "framework." (AR at 15). This was error.

When a claimant suffers from both exertional and non-exertional impairments, the ALJ must first consult the Guidelines to determine whether a finding of disability can be based on the exertional impairments alone. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2). If the Guidelines direct a finding of disability, benefits must be awarded. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989). If the exertional impairments alone are insufficient to direct a finding of disability, the Guidelines may be used as a framework, but the ALJ must independently examine the additional consequences resulting from the non-exertional impairments. *Id*. at 1156.

In *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999), the court held that an ALJ's use of the Guidelines is justified where the guidelines "*completely and accurately* represent a claimant's limitations . . . In other words, a claimant must be able to perform the *full range* of jobs in a given category". (Emphasis in original). However, in *Polney v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988), the Ninth Circuit held that "where . . . a claimant's nonexertional limitations are in themselves enough to limit [the claimant's] range of work, the

Guidelines do not apply, and the testimony of a vocational expert is required". *See also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002)(holding that vocational expert must be consulted when Guidelines do not "adequately take into account claimant's abilities and limitations"). Because the ALJ found that Plaintiff's pain, depression and the side effects of her medication would limit her ability to perform a full range of work at the sedentary exertional level, the guidelines are inapplicable and the ALJ should have taken testimony from a vocational expert as to whether there were jobs Plaintiff could perform in light of the non-exertional limitations. *Moore v. Apfel,* 216 F.3d 863, 869 (9th Cir. 2000). The case shall be remanded for this purpose.

### Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 24, 2006          */S/ Marc L. Goldman*

                                  _____
                                  MARC L. GOLDMAN
                                  United States Magistrate Judge